UNITED STATES DISTRICT COURT

EASTERN DISTRICT

| | |
|---|---|
| PAMELA COLEMAN, an individual, MARY BOWER, an individual, and KATHLEEN PAISON, an individual,<br><br>   Plaintiffs,<br><br>vs.<br><br>BOSTON SCIENTIFIC CORPORATION, a Massachusetts corporation, and DOE MANUFACTURERS one through one hundred.<br><br>   Defendants. | Case No. 1:10-CV-01968-OWW-SKO<br><br>Judge:  Oliver W. Wanger<br>Ctrm.:  3<br><br>**ORDER REGARDING DEFENDANT BOSTON SCIENTIFIC CORPORATION'S MOTION TO DISMISS**<br><br>Complaint filed:  10/20/2010 |

On April 11, 2011, Defendant Boston Scientific Corporation's ("BSC") Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) and, in the alternative, Motion to Dismiss Certain Plaintiffs Pursuant to Fed.R.Civ.P. 12(b)(3) and Fed.R.Civ.P. 20, came on regularly for hearing by the Court.  After considering the motion, the arguments of counsel, and all papers presented to the Court, the Court orders as follows:

PDF created with pdfFactory trial version www.pdffactory.com

### A. Product Identification

The complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure because Plaintiffs do not allege which state they underwent the procedures to implant the mesh devices or the medical facilities involved. In addition, the complaint is ambiguous with respect to whether each Plaintiff had the same type of mesh device implanted. When a Plaintiff is unable to identify a specific medical device in her complaint, information revealing when, where, and why a procedures was performed should be pleaded to assist manufacturers in identifying which of its products is implicated.

Plaintiffs' complaint must be amended to (1) state clearly whether Plaintiffs' claims are based on one defective device common to all Plaintiffs, or whether claims asserted based on multiple mesh devices that share a common defect; and (2) state clearly the location where each Plaintiffs' respective procedures was performed.

### B. Breach of Implied Warranty

Plaintiffs' cause of action for breach of implied warranty is not cognizable under California law because privity of contract is required for implied warranty claims. *See, e.g., Evraets v. Intermedics Intraocular, Inc.*, 29 Cal. App. 4th 779, 857 (1994); *Blanco v. Baxter Healthcare Corp.*, 158 Cal. App. 4th 1039, 1058 (2008). Plaintiffs' fourth cause of action for breach of implied warranty is dismissed, with prejudice.

### C. Breach of Express Warranty

Plaintiffs' cause of action for breach of express warranty fails because the complaint does not allege facts sufficient to give rise to a plausible basis to believe that Plaintiffs relied on any representations made by BSC in their decision to use the mesh devices. *See Fieldstone Co. v. Briggs Plumbing Products, Inc.* 54 Cal.App.4th 347, n.10 (1997). Plaintiffs' allegations that BSC advertised the mesh devices as safe and effective are conclusory and lack general information describing the alleged

PDF created with pdfFactory trial version www.pdffactory.com

conduct. Such conclusory allegations are insufficient to support a plausible basis for a claim of breach of express warranty. *Quatela v. Stryker Corp.*, 2010 U.S. Dist. LEXIS 133706 at *4-6 (N.D. Cal. 2010). Plaintiffs' fifth cause of action for breach of express warranty is dismissed, with leave to amend.

### D. Fraud and Fraud by Concealment

"To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud" and the allegations must include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (internal citations omitted). Plaintiffs' general allegations do not comply with the elevated pleading standard for fraud-based claims as set forth in Rule 9(b) of the Federal Rules of Civil Procedure. Specifically, the complaint does not allege facts sufficient to support an inference that BSC knew of the alleged defects of the mesh devices at any time relevant to the complaint or that any false representations were made to Plaintiffs on which they relied. Plaintiffs' sixth and seventh causes of action for fraud and fraud by concealment are dismissed, with leave to amend.

### E. Negligent Misrepresentation

Plaintiffs' cause of action for negligent misrepresentation fails because, *inter alia*, the complaint does not allege when such representations were made. Moreover, the complaint does not allege facts sufficient to give rise to an inference that, at the time BSC made alleged representations concerning the safety of the mesh devices, they had any reason to know of the dangers Plaintiffs complain of or that they made any misrepresentations without a reasonable basis for believing them to be true. Plaintiffs' eighth cause of action for negligent misrepresentation is dismissed, with leave to amend.

ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS

PDF created with pdfFactory trial version www.pdffactory.com

### F. Violation of State Consumer Fraud and Deceptive Trade Practices Act

As discussed above, the complaint is insufficient with respect to the fraud and misrepresentation claims and the complaint is fatally vague with respect to which mesh devices are the subject of Plaintiffs' claims. As there are no predicate claims alleged in the complaint, Plaintiffs' claims of unfair competition or violation of California Business and Professions Code sections 17200 *et seq.* and 17500 *et seq.* cannot stand. Plaintiffs' ninth cause of action for violation of state consumer fraud and deceptive trade practices act is dismissed, without prejudice.

### G. Venue and Joinder

BSC contends Plaintiffs Mary Bower and Kathleen Paison have been improperly joined in this action under Rule 20 of the Federal Rules of Civil Procedure and their claims should be dismissed under Rule 12(b)(3) of the Federal Rules of Civil Procedure for failure to assert proper venue. The propriety of joinder and venue cannot be ascertained due to the pleading deficiencies discussed above. BSC may renew its objections to joinder and venue after the filing of an amended complaint.

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiffs' fourth cause of action for breach of implied warranty is dismissed, with prejudice. Plaintiffs' first, second, third, fifth, sixth, seventh, eighth, and ninth causes of action are dismissed, without prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs file an amended complaint within sixty (60) days of electronic service of the Court's Memorandum Decision Regarding Motion to Dismiss. (Doc. No. 27.) Defendant BSC shall answer or otherwise respond to the amended complaint within twenty (20) days of the service of the amended complaint.

Dated: May 2, 2011         /s/ OLIVER W. WANGER
                           United States District Court Judge

PDF created with pdfFactory trial version www.pdffactory.com