**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **PAMELA COLEMAN, MAY BOWER, and KATHLEEN PAISON,**<br><br>**Plaintiffs**<br><br>v.<br><br>**BOSTON SCIENTIFIC CORPORATION, and DOE MANUFACTURERS 1-100,**<br><br>**Defendants** | **OLD CASE NO. 1:10-CV-1968 AWI SKO**<br>**NEW CASE NO. 1:10-CV-1968 AWI SAB**<br><br>**ORDER RELATING AND REASSINGNING MATTERS AND ORDER FOR PARTIES TO SUBMIT STATUS REPORT** |
| **SHERRY HERKAL,**<br><br>**Plaintiff**<br><br>v.<br><br>**BOSTON SCIENTIFIC CORPORATION, and DOE MANUFACTURERS 1-100,**<br><br>**Defendants** | **OLD CASE NO. 2:12-CV-0005 JAM CKD**<br>**NEW CASE NO. 2:12-CV-0005 AWI SAB** |

Examination of the above entitled cases reveal that they are related within the meaning of Local Rule 123(a) to *Jackson v. Boston Scientific Corp.*, 1:19-cv-574 AWI SAB (among other cases). Each of the actions involve the same defendants, are based on similar claims, and present similar questions of law and fact. These cases would entail substantial duplication of effort and resources if heard by different judges. Because reassignment of these actions to a single district judge and magistrate judge would be convenient to the parties and affect a savings of judicial effort and economy, it is appropriate to reassign this case. See Local Rule 123.

Additionally, a review of the docket for the above cases raises a number of questions. To resolve those questions, the Court will order the parties to submit a status report for both cases. The status reports shall be filed jointly. To the extent that the parties disagree on a matter, the status reports shall note that a disagreement exists and have separate sections that describe each

side's position.  Otherwise, if no disagreement is expressly noted, the Court will assume that a representation is being made jointly on behalf of all parties.  Once the status reports are received, the Court will set a date for a telephonic status conference.  At the telephonic status conference, the Court will utilize the status reports and discuss how to proceed with these cases, including resolving any outstanding motions, possible discovery issues, and possible pre-trial conference, trial, or settlement conference settings.

      As part of the status report for each of the above cases, the parties shall address the following matters:

1. Identify any outstanding motion that requires resolution by this Court;
2. To the extent that a motion is outstanding, and to the extent that the parties agree that a motion should be granted, the parties should file a stipulation to grant that motion (again to the extent that the parties agree);
3. Identify any discovery issues that remain, including the need for any additional discovery;
4. Identify any motions that may need to be filed (apart from motions in limine);
5. Identify any relevant motions, including *Daubert* related motions, that were resolved by the MDL court prior to transfer;
6. Identify every cause of action that the Plaintiffs will be pursuing in this Court;
7. Identify every affirmative defense that the Defendant will be pursuing in this Court;
8. Discuss whether the parties intend to request a settlement conference with a Magistrate Judge or a private mediator;
9. Discuss procedures for resolving the above cases through trial and provide estimates for the length of time that each trial may last;
10. Discuss the possibility of consolidating any of the above cases for trial, including an identification of all products at issue;
11. Provide a best estimate as to the number and timing of any additional cases that might be transferred from MDL 2326 back to the Eastern District of California (both the Fresno and Sacramento Divisions);

12. Any other matter that the parties believe is relevant to the efficient resolution of the above cases; and

13. Provide several dates in which the parties will be available for a telephonic status conference.

As the parties are well aware, both this Court and the general public have been affected by restrictions put in place to combat the spread of, and harm from, COVID-19. These restrictions directly impact the ability of the Court to resolve matters through jury trials. The parties should familiarize themselves with all general orders from the Eastern District of California regarding COVID-19.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. These matters, *Coleman et al. v. Boston Scientific Corp.* and *Herkal v. Boston Scientific Corp.*, are REASSIGNED to Senior District Judge Anthony W. Ishii and Magistrate Judge Stanley A. Boone for all further proceedings;

2. All further filings in the above cases shall use the following case numbers:

    1:10-CV-1968 AWI SAB

    2:12-CV-0005 AWI SAB

3. Upon the transfer of any further cases from MDL No. 2326 to the Eastern District of California, counsel shall promptly file a notice of related cases pursuant to Local Rule 123;

4. As soon as possible, but no later than twenty-one (21) days from service of this order, the parties shall submit a joint status report that contains all information requested above; and

5. Upon receipt of the status information in this matter, the Court will set a telephonic status/scheduling conference for all related cases.

IT IS SO ORDERED.

Dated:   May 11, 2020                                   _____
                                                        SENIOR DISTRICT JUDGE